**UNITED STATES of America,**

v.

**Christopher Ryan JORDAN, Defendant.**

**No. 2:98cr39.**

United States District Court,
E.D. Virginia,
Norfolk Division.

July 31, 1998.

Measures to Attain Management Measures § 9.1.2.2, A.R. at 7 (emphasis added).

Robert J. Seidel, Jr., Asst. U.S. Atty., Norfolk, VA, for U.S.

Jennifer E.T. Stanton, Norfolk, VA, for Christopher Ryan Jordan.

### *OPINION*

REBECCA BEACH SMITH, District Judge.

This matter came before the court for the sentencing of defendant Christopher Ryan Jordan ("Jordan"). Defendant raised one unresolved objection to the presentence investigation report prepared by the United States Probation Office. For the reasons stated below, the court overruled defendant's objection and adopts the presentence investigation report in its entirety.[1]

Defendant objected to the Probation Office's determination of the base offense level using § 2G1.1(a) of the United States Sentencing Guidelines ("U.S.S.G."), which section addresses "Promoting Prostitution or Prohibited Sexual Conduct." Since the probation officer applied § 2G1.1 of the U.S.S.G., the presentence investigation report reflects a base offense level of fourteen. Defendant argues that § 2E1.2 of the U.S.S.G., which section addresses "Interstate or Foreign Travel or Transportation in Aid of a Racketeering Enterprise," is more directly on point than is § 2G1.1. If § 2E1.2 were applied instead of § 2G1.1, defendant's base offense level would be six, not fourteen. Defendant argues that his base offense level should be six because the unlawful activity underlying

his conspiracy conviction is not the promotion of prostitution, as determined by the presentence report, but rather, the underlying unlawful activity is his use of the facilities of interstate commerce for some type of criminal activity.

■ Defendant's argument lacks merit. Defendant was convicted of a conspiracy charge, but the U.S.S.G. direct that his base offense level be calculated using the sentencing guideline that is applicable to the substantive offense that was the object of the conspiracy. *See* U.S.S.G. § 2X1.1(a). The first step in the analysis is to look to § 2E1.2 of the U.S.S.G. Under § 2E1.2, the base offense level is determined by applying *the greater of six, or* the offense level that pertains to the underlying "unlawful activity" infringing upon interstate commerce. Defendant urges the court to stop at this juncture and not inquire further into the infringing "unlawful activity."

■ However, it is clear to this court that the "unlawful activity" underlying defendant Jordan's conspiracy conviction is the promotion of a nationwide prostitution enterprise, in violation of state law.[2] Then, as set forth in Application Note 2 to § 2E1.2 of the U.S.S.G., where the underlying unlawful activity involves the violation of state law, the base offense level is determined by reference to the offense level for the most analogous federal offense.

Two Fourth Circuit cases are on point with the case at bar, and both cases hold that the most analogous federal offense to defendant's pandering and prostitution offenses is described in U.S.S.G. § 2G1.1. *See United States v. Rash*, 36 F.3d 1095, 1994 WL 507374 (4th Cir.1994) (unpublished); *United States v. Rash*, 48 F.3d 1218, 1995 WL 100569 (4th Cir.1995) (unpublished).[3] Thus,

---

1. The court reserved the right at sentencing to issue a written opinion at a later date.

2. It is even plain from the face of the indictment that the underlying unlawful activity is the promotion of a prostitution enterprise. Defendant pleaded guilty to Count One of the indictment, charging him with "Conspiracy to Use Facilities in Interstate Commerce to Promote an Unlawful Activity, *to-wit Prostitution*," in violation of 18

U.S.C. § 371. Indictment, Feb. 26, 1998, at 1 (emphasis added).

3. The court notes that *United States v. Gaytan*, 74 F.3d 545 (5th Cir.1996), the Fifth Circuit case on which defendant relies, is not on point with the issue facing this court. In *Gaytan*, the court vacated a defendant's sentence upon a "telephone count" arising under the Travel Act, 18 U.S.C. § 1952, because the district court had applied an incorrect sentencing guideline. How-

the presentence investigation report properly reflects a base offense level of fourteen, as required under § 2G1.1 of the U.S.S.G., and not a base offense level of six, as defendant urges. For the foregoing reasons, defendant's objection to the calculation of his base offense level is **OVERRULED.**

**IT IS SO ORDERED.**

ever, unlike the instant case, the district court in *Gaytan* had applied a sentencing guideline that pertained to the use of interstate facilities in the commission of a murder-for-hire, despite the fact that such a charge was not involved in the case. *Id.* at 551.